**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATWAHN McELROY, aka Lathwahn McElroy, Jabbari McElroy, E.J. McElroy, Eibon McElroy,<br><br>Plaintiff,<br><br>v.<br><br>A. DELGADO, et al.,<br><br>Defendants. | No. 2:26-CV-2604-DMC-P<br><br><u>ORDER</u><br><br>and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for leave to proceed in forma pauperis. <u>See</u> ECF No. 2. For the reasons discussed below, the Court finds that Plaintiff is not entitled leave to proceed in forma pauperis because he has had three or more prior "strikes" within the meaning of the Prison Litigation Reform Act (PLRA).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

On April 3, 2025, the Court determined in another action that Plaintiff has had three or mor prior "strikes." See McElroy v. George, et al., 1:24-cv-0982-JLT-EPG-P. Thus, unless Plaintiff's complaint alleges imminent danger of serious physical injury, Plaintiff is not entitled to proceed in forma pauperis in this action. The Court finds that the allegations in Plaintiff's complaint in this case do not satisfy the imminent danger exception. Specifically, Plaintiff's claims relating to denial of access to the courts, retaliation, and discrimination fail to indicate any imminent physical harm. See ECF No. 1.

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be denied and that Plaintiff be ordered to pay the filing fees in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE